IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 23, 2004 Session

## PATRICIA A. DYE and ROGER L. QUILLEN, CO-ADMINISTRATORS OF THE ESTATE OF JIMMY DOYLE DYE, DECEASED, ET AL. v. R. LOUIS MURPHY, M.D., ET AL.

Direct Appeal from the Circuit Court for Gibson County
No. H 3400     Clayburn Peeples, Judge

No. W2003-01521-COA-R3-CV - Filed February 25, 2004

This appeal arises from the trial court's award of summary judgment to the Defendant in a medical malpractice action. The trial court awarded summary judgment based on the statute of limitations. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J., and HOLLY M. KIRBY, J., joined.

Robert P. Starnes, Norton, Virginia, for the appellants, Patricia A. Dye and Roger L. Quillen, Co-Administrators of the Estate of Jimmy Doyle Dye, Deceased.

Timothy G. Wehner and Lee R. Sparks, Jackson, Tennessee, for the appellee, Dr. Roger Woods.

### OPINION

This is a medical malpractice action. Defendant Roger Woods, M..D. (Dr. Woods), treated Jimmy Doyle Dye (Mr. Dye) on March 9, 2001, in the Emergency Room of Humboldt General Hospital. Mr. Dye died on March 28, 2001. On March 28, 2002, Patricia A. Dye and Roger L. Quillen, Co-Administrators of the Estate of Jimmy Doyle Dye ("Plaintiffs"), filed a complaint in Sullivan County against Dr. Woods, R. Louis Murphy, M.D., State Allergy Clinics, Inc. a/k/a Humboldt Family Care, and Keata Anthony. Plaintiffs attempted to obtain service on Dr. Woods at Humboldt General Hospital, but process was returned unserved. The case was voluntarily dismissed on June 24, 2002. Dr. Woods was not served with a notice of dismissal.

Plaintiffs re-filed their cause of action in Gibson County, and Dr. Woods was served with process on January 29, 2003. Before filing any motion or pleading, on February 11, 2003, Timothy

G. Wehner, Esq. (Mr. Wehner), filed a notice of appearance as Dr. Woods' counsel of record. In his notice of appearance, Mr. Wehner specifically reserved all objections. On March 25, 2003, Dr. Woods moved for summary judgment, asserting the statute of limitations as an affirmative defense. On June 2, 2003, the trial court awarded Dr. Woods summary judgment based on the running of the statute of limitations for medical malpractice actions as codified at Tennessee Code Annotated § 29-26-116.[1] Plaintiffs filed a timely notice of appeal to this Court.

### Issue Presented

Plaintiffs raise the following issue, as we restate it, for review by this Court:

Under Rule 12 of the Tennessee Rules of Civil Procedure, whether a notice of appearance as counsel in a lawsuit waives a defense based on the statute of limitations, where the notice does not assert the statute of limitations as an affirmative defense, but reserves all objections.

### Standard of Review

The issue raised in this appeal is an issue of law. Our review of a trial court's determinations on an issue of law is *de novo*, with no presumption of correctness. *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000).

### Analysis

Plaintiffs cite *Dixie Savings Stores, Inc. v. Turner*, 767 S.W.2d 408 (Tenn. 1988), for the proposition that, according to the plain meaning of Rule 12.02, Rule 12.08, and Rule 8.03 of the Tennessee Rules of Civil Procedure, Dr. Woods waived the defense of the statute of limitations by first filing a notice of appearance. We disagree.

Rule 8.03 of the Tennessee Rules of Civil Procedure provides:

Affirmative Defenses. -- In pleading to a preceding pleading, a party shall set forth affirmatively facts in short and plain terms relied upon to constitute accord and satisfaction, arbitration and award, express assumption of risk, comparative fault (including the identity or description of any other alleged tortfeasors), discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the

---

[1]Pursuant to Rule 54 of the Tennessee Rules of Civil Procedure, the trial court entered the judgment for Dr. Woods as a final judgment, there being no just reason for dely of entry of judgment.

court, if justice so requires, shall treat the pleading as if there had been a proper designation.

Rule 12 provides, in pertinent part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion in writing: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19, and (8) specific negative averments made pursuant to Rule 9.01. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, the adverse party may assert at the trial any defense in law or fact to the claim for relief. If, on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Tenn. R. Civ. P. 12.02. Rule 12 further states:

> A party waives all defenses and objections which the party does not present either by motion as hereinbefore provided, or, if the party has made no motion, in the party's answer or reply, or any amendments thereto, (provided, however, the defenses enumerated in 12.02(2), (3), (4) and (5) shall not be raised by amendment), except (1) that the defense of failure to state a claim upon which relief can be granted, the defense of failure to join an indispensable party, and the objection of failure to state a legal defense to a claim may also be made by a later pleading, if one is permitted, or by motion for judgment on the pleadings or at the trial on the merits, and except (2) that, whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. The objection or defense, if made at the trial, shall be disposed of as provided in Rule 15 in the light of any evidence that may have been received.

Tenn. R. Civ. P. 12.08. Thus, reading the rules together, a defense based on the statute of limitations must be raised affirmatively in a defendant's responsive pleading, in an amendment thereto, or by motion. Further, such defense must be supported by a short and plain recitation of facts which

support it. This plain reading of the rules does not support the proposition that a notice of appearance of counsel which is filed before the filing of a motion or responsive pleading constitutes a waiver of such affirmative defenses.

We first address Plaintiffs' reliance on Rule 8.03. The terms of Rule 8.03 apply to a "pleading to a preceding pleading." A notice of appearance by counsel clearly is not a pleading. Thus, Rule 8.03 is not pertinent to the case before us.

We next turn to the provisions of Rule 12. Rule 12.01 through 12.08 of the Tennessee Rules of Civil Procedure were "designed to abolish the (pre-Rules) special appearance procedure," which required that "disfavored" defenses, such as lack of personal jurisdiction and improper venue, be raised by special appearance and were otherwise waived. Robert Banks, Jr. and June F. Entman, *Tennessee Civil Procedure*, § 5-6(a) (Lexis 1999). Under Rule 12, although a special appearance is no longer required, a party who files a motion or responsive pleading but does not raise the defenses of personal jurisdiction, improper venue, insufficiency of process, and insufficiency of service is deemed to have waived those defenses. *See id.* Rule 12.08 additionally requires a party to assert affirmative defenses, such as a defense of the statute of limitations, in their responsive pleading, an amendment thereto, or by motion. It does not provide that a defense based on the statute of limitations is waived if not asserted before an appearance is entered in the case.

Additionally, Plaintiffs' reliance on *Dixie Savings Stores* is misplaced. In *Dixie*, the plaintiff sought to collaterally attack a 1981judgment against him based on the lack of personal jurisdiction. *Dixie Sav. Stores, Inc. v. Turner*, 767 S.W.2d 408 (Tenn. 1988)(perm. app. denied). This Court held that the defendant had entered a voluntary, general appearance in the 1981 case such that he had waived the issue of personal jurisdiction. *Id.* at 409. We noted that "if a party makes a general appearance and does not take issue with venue, adequacy of service of process, personal jurisdiction, or other similar matter, the courts customarily find that the party has waived its objections to these matters." *Id.* at 410 (citations omitted). The defendant in *Dixie* had signed the judgment order entered against him in the 1981 case. He undoubtedly had submitted himself to the jurisdiction, or the authority, of the court. *Id.* Accordingly, he was precluded from collaterally attacking the judgment based on lack of personal jurisdiction. *Id.*

For the purposes of establishing personal jurisdiction, a general appearance is any act "from which it can be reasonably inferred that the party recognizes and submits itself to the jurisdiction of the court." *Id.* Thus, even assuming *arguendo*, and without so holding, that a notice of appearance by counsel would constitute a general appearance for the purposes of personal jurisdiction, it is not sufficient to constitute waiver of a defense based on the statute of limitations. *See Bell v. Brewer*, No. 01A01-9404-CV-00147, 1994 WL 592099 at * 4 (Tenn. Ct. App. Oct. 26, 1994) (*no perm. app. filed*). Under Rule 12, a notice of appearance by counsel, without more, does not constitute a waiver of a defense based on the statute of limitations. Plaintiffs do not contend that the trial court erred in determining that the statute of limitations period provided in Tennessee Code Annotated § 29-26-116 had passed, but only that Dr. Woods waived a defense based on the statute. We accordingly affirm summary judgment for Dr. Woods.

*Conclusion*

In light of the foregoing, we affirm summary judgment for Dr. Woods based on the statute of limitations as codified at Tennessee Code Annotated § 29-26-116. Costs of this appeal are taxed to the Appellants, Patricia A. Dye and Roger L. Quillen, Co-Administrators of the Estate of Jimmy Doyle Dye, deceased, and to their surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE